**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HAY GROUP, INC., | ) | |
| | ) | |
| Plaintiff/Counterdefendant | ) | |
| | ) | |
| v. | ) | Case No. 02 C 8194 |
| | ) | |
| E. WEBB BASSICK IV; ANNA-MARIA B. TAPLING; and COMPENSATION STRATEGIES, INC., | ) ) ) ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants/Counterclaimants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAY GROUP, INC. DEFERRED COMPENSATION PLAN; and HAY GROUP, INC. DEFERRED COMPENSATION AND SUPPLEMENTAL PENSION PLAN, | ) ) ) ) | |
| | ) | |
| Co-Counterdefendants | ) | |

## MEMORANDUM OPINION AND ORDER

In this diversity case, plaintiff Hay Group, Inc. ("Hay") filed an eight-count first amended complaint against defendants E. Webb Bassick, IV ("Bassick"), Anna Maria B. Tapling and Compensation Strategies, Inc., and defendants filed their own seven-count second amended counterclaims. On September 29, 2005, the court granted summary judgment on some of Bassick's claims, ruling that Bassick had not properly exhausted his administrative remedies before filing. On August 8, 2006, the court granted Bassick's motion for reconsideration, ruling that its dismissal of Bassick's claims was without prejudice and that Bassick would be allowed to exhaust his administrative remedies. On September 1, 2006, the Hay Group Plan Administrator denied

Bassick's claim for benefits under the Hay Group, Inc. Deferred Compensation Plan. The Administrator determined that Bassick did not have a separate Supplemental Executive Retirement Plan ("SERP") and that he had forfeited a portion of his benefits pursuant to the forfeiture provision of the plan because he "willfully and intentionally engaged in activity or conduct which has been and is adverse to the best interests of the Company . . . ." On October 27, 2006, Bassick appealed the determination, including the calculation of his benefit entitlement, the decision that he did not have a separate SERP, and the application of the forfeiture clause to his benefit. The Plan Administrator granted Bassick's appeal in part and denied it in part on December 21, 2006. The Plan Administrator ruled that Bassick's non-forfeited benefit was $98,997.82 (not the previously determined $92,210), but denied the remainder of Bassick's appeal. On June 20, 2007, Bassick filed his Third Amended Supplemental Counterclaims. Hay Group now moves to dismiss counts IX through XIII, which are: (IX) "ERISA: Estoppel"; (X) "ERISA: Estoppel"; (XI) "ERISA: Unclean Hands"; (XII) "ERISA: Good Faith and Fair Dealing"; and (XIII) "ERISA." For the reasons explained below, Hay Group's motion is granted in part and denied in part.

**Factual Background[1]**

Hay is a large human resources consulting firm operating in at least 35 countries around the world, and has twelve offices in the United States, including one in Chicago. Prior to joining Hay in April 1996, Bassick had been employed with competing international firms since 1974. Bassick's expertise is in the area of executive compensation consulting, which is a sub-specialty in the world of human resources consulting, and Hay hired Bassick to head its executive compensation

---

[1] As it must, the court assumes, for purposes of this motion only, the accuracy of Bassick's version of the facts. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

2

consulting practice. According to Bassick, Hay Group made a number of contractual commitments to him regarding his compensation, including a commitment to make contributions into a supplemental benefits plan on Bassick's behalf. In reliance on these representations, Bassick began employment with Hay Group in 1996, and was initially enrolled in the Hay Group, Inc. Deferred Compensation and Supplemental Pension Plan (the "1994 plan"). Bassick contends that, some time in 1997, a separate top hat plan (the "Bassick plan") was founded by Hay Group, for him individually, to contain amounts due to Bassick that exceeded the limitations on contributions under the 1994 plan. Three years later in 2000, Hay Group revised and renamed the 1994 plan the "Hay Group, Inc. Deferred Compensation Plan" (collectively, the 1994 plan and the 2000 plan are referred to as the "SERP"). As part of the 2000 amendments, the SERP was amended to add a forfeiture provision, which provided that a participant forfeits his or her SERP benefits if, within one year after leaving his or her employment with Hay Group, the participant engages in one or more of a set of listed activities (including disclosure of confidential information or trade secrets, becoming associated with a competing business, soliciting Hay Group employees to leave their employment, and doing business with a Hay Group client). The separate Bassick plan was never amended to include a similar forfeiture clause.

## II. Analysis

### A. Legal Standard

Rule 12(b)(6) permits a court to dismiss a claim where plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). To survive a Rule 12(b)(6)

3

motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The facts must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 1965.

### B. Count IX (ERISA: Estoppel)

In count IX of the third amended supplemental counterclaims, Bassick claims that Hay Group is estopped from denying him uncapped or catch-up contributions to Bassick's "top hat" plan, because Hay Group made false promises or misrepresentations on which Bassick reasonably relied to his detriment. In moving to dismiss this claim, Hay Group argues that an estoppel claim under ERISA is only possible when the misrepresentation at issue is found in a written document. Because Bassick has no such written document, Hay Group argues, his estoppel claim cannot stand. In response, Bassick denies that a written misrepresentation is required and argues, in the alternative, that even if a writing is required, he has met that requirement by providing benefit statements and a series of emails.

As a preliminary matter, a discussion of ERISA's "top hat" plans is necessary. Top hat plans are a special category of benefit plans created under ERISA to provide benefits to a small, select group of high-level employees. 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). Top hat plans enjoy near-complete exemption from ERISA's substantive requirements. They are exempt from: (1) ERISA's minimum participation standards, minimum vesting standards and various other content

4

requirements (Section 1051(2)); (2) ERISA's minimum funding requirements (Section 1081(a)(3)); (3) ERISA's fiduciary responsibility provisions, the need to give control of plan funds to a trustee, the imposition of liability on fiduciaries, and limitations on transactions and investments (Section 1101 (a)(1)); (4) ERISA's reporting and disclosure requirements upon promulgation of the proper administrative regulations (Section 1051(2)). *In re New Valley Corp*. 89 F.3d 143, 150-51 (3d Cir. 1996). Most important here, top hat plans are not subject to ERISA's strict writing requirement applicable to other plans. 29 U.S.C. § 1101(a)(1). Federal common law developed under ERISA generally governs the enforcement of top hat plans. *Fasco Indus., Inc. v. Mack*, 843 F. Supp. 1252, 1255 (N.D. Ill. 1994). Federal courts treat top hat plans as unilateral contracts, which create a vested right in those employees who fulfill the plan's requirements. *In re New Valley Corp.*, 89 F.3d at 150-51. With this unique type of plan in mind, the court turns to the parties' arguments.

In arguing that a misrepresentation in writing is required for this estoppel claim, Hay Group relies heavily on *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579 (7th Cir. 1999). In *Coker*, a plan participant brought a claim for promissory estoppel against the plan administrator, alleging that the administrator falsely represented that the participant was covered by the plan. According to the Seventh Circuit, the four elements in an estoppel claim are: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment. *Coker*, 165 F.3d at 585. The Seventh Circuit stressed that estoppel claims in the ERISA context, while allowable in some situations, are problematic in light of ERISA's requirement that modifications to an ERISA plan must be written, 29 U.S.C. § 1102(a)(1), and must follow certain required procedures, *id.* § 1102(b)(3). *Id.* Relying on *Coker*, then, Hay Group argues that Bassick's estoppel claim fails in that he has no written document that supports his contention that Hay Group

5

promised him and created the Bassick plan.

In response, Bassick argues that because *Coker* did not involve top hat plans it is distinguishable from the facts in this case. Because the plan at issue in *Coker* was a regular welfare benefit plan (and not a top hat plan), ERISA required that the plan itself, and any modifications to the plan, must be made in writing. Bassick explains that, given this strict writing requirement, it makes sense that any estoppel claim, in which a plan participant attempts to alter the express terms of the written plan, must be based on a writing. Contrasting *Coker* to this case, Bassick explains that both the SERP and the Bassick plan are not regular ERISA plans subject to the requirements that they be written, but rather are a unique type of ERISA plan known as a top hat plan. As discussed above, top hat plans are exempt from almost all of ERISA's substantive requirements, including the writing requirement.

In support of his position that a representation need not be written, Bassick points to a case from the Third Circuit, *In re New Valley Corp.*, as one that is analogous to the instant case. Unlike the *Coker* case, *In re New Valley Corp.* involved top hat plan participants who sued their employer in bankruptcy court (after New Valley Corporation had been declared bankrupt) under an estoppel theory, alleging that oral representations made to them should override the plan's termination clause. 89 F.3d at 148. In allowing top hat plan participants to rely on alleged oral representations in support of their estoppel claim, the Third Circuit stated "[b]ecause top hat plans can be partially or exclusively oral, top hat participants may reasonably rely on oral representations of benefits." *Id.* at 153.

The Seventh Circuit has not yet spoken on the issue of estoppel in the top hat plan context. Having reviewed both *Coker* and *In re New Valley Corp.*, the court concludes that *In re New Valley*

6

*Corp.* is both persuasive and on point. While *Coker* admittedly used rather broad language in stating that a written document was a necessary element in an estoppel claim in the ERISA context, a careful reading of that case suggests that such a requirement would not apply to a top hat plan. The *Coker* court based its conclusions regarding estoppel on the notion that ERISA strictly requires benefit plans, and any modifications to such plans, to be in writing. It makes sense, therefore, that any attempt by a plan participant to argue that its employer made promises altering the terms of the plan must also be in writing. However, as the Third Circuit in *In re New Valley Corp.* recognized, "top hat plans form a rare sub-species of ERISA plans[.]" 89 F.3d at 148. Top hat plans, by statute, may be partially or entirely oral. In light of this difference between regular benefit plans and top hat plans, the court follows the lead of the Third Circuit and concludes that the misrepresentations at issue in an estoppel claim need not be written where the plan at issue is a top hat plan. In light of this, Bassick's estoppel claim survives; Hay Group's motion to dismiss count IX is denied.[2]

### C. Count X (ERISA: Estoppel)

In count X, Bassick alleges that Hay Group should be equitably estopped from enforcing the forfeiture provisions in Bassick's SERP when Hay Group itself materially breached the underlying employment agreement with Bassick and constructively discharged him. Hay Group argues that count X should be dismissed because Bassick has not properly pled a cause of action – instead, he seeks to preclude Hay Group from raising the a defense (the forfeiture provision) rather than any affirmative relief. The court agrees. This claim appears to be a convoluted, and ultimately unsuccessful, attempt on Bassick's part to force facts into an estoppel framework. Here, Bassick

---

[2] Because the court concludes that a written document is not required where the plan at issue is a top hat plan, it need not address Bassick's alternative argument that he has put forward written documents that would satisfy a writing requirement.

claims that because Hay Group allegedly breached the employment agreement, it should be estopped from relying on any forfeiture provisions contained in the SERP. The court is unable to see how this alleged breach could somehow be deemed to be a "misrepresentation" or how Bassick could have relied upon this to his detriment. In the end, the court cannot fit Bassick's recitation of this estoppel claim into any intelligible estoppel framework. This claim is dismissed.

### C. Count XI (ERISA: Unclean Hands)

In count XI, Bassick alleges that Hay Group is barred from applying the SERP's forfeiture provision by the doctrine of unclean hands because Hay Group breached Bassick's underlying employment agreement. The court agrees with Hay Group that "unclean hands" is an affirmative defense and not a cause of action. Bassick provides the court with no support for his assertion that "unclean hands" may be a cause of action in its own right. *See, e.g., Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 993 (7th Cir. 1993) (discussing unclean hands as affirmative defense in ERISA case). The cases Bassick cites to as support all contain discussion of "unclean hands" as an affirmative defense, not a cause of action. Hay Group's motion to dismiss count XI is granted.

### D. Count XII (ERISA: Good Faith and Fair Dealing)

In count XII, Bassick purportedly brings a claim for breach of good faith and fair dealing, stating that Hay Group is barred from applying the SERP's forfeiture provision because Hay Group breached Bassick's underlying employment agreement. Admitting that the Seventh Circuit has never recognized a good faith and fair dealing claim in the ERISA context, Bassick asks this court – without providing any compelling justification – to be the first to recognize such a claim. The court declines to do so. *See Smith v. Foremost Farms USA*, No. 05-C-686, 2006 WL 1389316, at *7 (E.D. Wisc. May 12, 2006) (noting that the Seventh Circuit has not recognized a federal common

8

law right to a good faith and fair dealing claim under ERISA). Hay Group's motion to dismiss count XII is granted.

### E. Count XIII (ERISA)

Bassick alleges that Hay Group is barred from applying the SERP's forfeiture clause against him because the SERP forfeiture clause was unreasonable and the alleged activity of Bassick was privileged and legitimate competition. Even assuming this stated some kind of claim under ERISA (which is doubtful), the claim clearly cannot stand because the court has already held that an identical forfeiture provision is valid. Bassick admits as much and states that he has brought the claim "simply as a means of preserving the claim for appeal." Hay Group's motion with respect to count XIII is granted.

## Conclusion

As explained above, Hay Group's motion to dismiss is granted in part and denied in part.

ENTER:

_____/s/_____
Joan B. Gottschall
United States District Judge

Dated: March 24, 2008